UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REGINALD C. MALONE, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-1100 |
| ) | Judge Echols |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

The petitioner, a resident of Nashville, is a former state inmate currently on parole. The petitioner brings this action under 28 U.S.C. § 2254, seeking federal *habeas corpus* relief from his March 8, 2007 conviction on a drug related offense.[1]

The petition shows that the petitioner's case is final on direct review. (Docket Entry No. 1, ¶ 9, p. 3). However, state post-conviction proceedings are ongoing. More particularly, the petitioner's request for post-conviction relief, having been denied, is pending on appeal. (Docket Entry No. 1, ¶¶ 11(c), 14, pp. 5-6). It is apparent from the petition that the two grounds for relief raised in this action, *i.e.*, his claim under *Brady v. Maryland*, 373 U.S. 83 (1963) and his claim of ineffective assistance of counsel, were both raised on post-conviction, and are both pending on appeal.[2] (Docket Entry No. 1, ¶ 11(b)(3), 12.A-B, pp. 4-5).

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. 28 U.S.C. § 2254(b)(1)(A); *see Carey v. Saffold*, 536 U.S. 214, 220

---

[1] A person on parole is in custody within the meaning of § 2254. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 394-95 (6th Cir.2003)(*en banc*); *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993).

[2] The petitioner's post-conviction petition was denied on August 12, 2009. (Docket Entry No. 1, ¶ 11(b)(6), p. 4). Therefore, the petitioner has only recently appealed the judgment of the post-conviction court.

(2002); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). This means that, as a condition precedent to seeking federal relief, the petitioner's claims must have been fairly presented to the state courts. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Fitzgerald v. Withrow*, 292 F.3d 500, 502 (6th Cir. 2002), *cert. denied*, 537 U.S. 1009 (2002). Once the federal claims have been raised in the state's highest court,[3] the exhaustion requirement is satisfied, even if that court refuses to consider them. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

For the reasons explained above, the grounds for relief raised in this action are not yet exhausted for purposes of federal *habeas corpus* review. Consequently, the petition will be denied, and this action dismissed without prejudice. The petitioner may re-file his petition for federal *habeas corpus* review once he has exhausted his claims in the state courts.

It is so **ORDERED.**

/s/ Robert L. Echols

Robert L. Echols
United States District Judge

---

[3] With the promulgation of Tennessee Supreme Court Rule 39, review by the Tennessee Supreme Court is no longer required for a federal *habeas corpus* petitioner to satisfy the federal *habeas corpus* exhaustion requirement. *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003).